PARSONS *v.* WASHBURN.

FRAUD—FIDUCIARY RELATIONS—VENDOR AND PURCHASER—RESCISSION.

In a suit for the rescission of a transaction whereby, through defendant cashier, plaintiff purchased the vendors' rights in a land contract, based on the theory that because she had been a customer of defendant bank for many years a fiduciary relation arose, and that defendant cashier neglected and failed to fully advise her of all of the facts involved in the transaction, whereby she was deceived and defrauded, evidence *held,* insufficient to establish such fiduciary relations, and therefore she was not entitled to recover on the theory of a constructive fraud, and, in the absence of evidence of actual fraud, the suit was properly dismissed.

Appeal from Gratiot; Moinet (Edward J.), J. Submitted October 5, 1928.' (Docket No. 98, Calendar No. 33,674.) Decided December 4, 1928.

Bill by Hattie M. Parsons against Carl H. Washburn and others for rescission of a transaction whereby she purchased the vendors' interest in a land contract, on the ground of fraud. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*William A. Bahlke,* for plaintiff.

*Charles H. Goggin* and *William Searl,* for defendants.

NORTH, J. The plaintiff herein seeks the rescission of a transaction whereby she purchased the rights of the defendants, Mr. and Mrs. Jennings, the vendors in a land contract covering a house and lot in Alma, Michigan. The transaction was consummated through the defendants Washburn and Parker, who were cashier and assistant cashier respectively of the defendant bank. The vendees in the land contract were a Mr. and Mrs. Stearns. The plaintiff does not claim actual fraudulent misrepresentations were made to her incident to the transaction; but it is claimed by her that she had been a customer of the bank for years, that she sought a safe investment through Mr. Washburn, and because thereof a confidential fiduciary relation arose, and notwithstanding the fiduciary relation the defendant Washburn neglected and failed to fully advise the plaintiff of all the facts involved in the transaction, and by reason thereof the plaintiff was deceived and defrauded. The plaintiff asserts that this "was a breach of trust on the part of said Carl H. Washburn and committed with the full knowledge and

consent of said Frank O. Parker.'' More than 16 months after the bill was filed Mr. and Mrs. Jennings were made parties defendant on the theory that Parker had acted as their agent. Prior to this amendment the plaintiff had proceeded on the theory that Parker had purchased the contract interest of Mr. and Mrs. Jennings and had sold it to the plaintiff through the agency of Washburn. The proof failed as to this latter claim. It is stated in appellant's brief the bank was made a party defendant in order that whatever interest it had in the transaction itself or in the real estate involved might be protected. The relief sought is a cancellation of the deed and of the assignment of the contract to the plaintiff and an accounting by the defendants. In the circuit court a decree dismissing the bill of complaint was entered, and the plaintiff has appealed.

Mr. and Mrs. Jennings were planning to move away from Alma and desired to dispose of their interest in the property covered by the contract. This equity amounted to $1,500. They took the matter up with Mr. Parker and informed him they would accept $1,300 for their interest. He testified that he thought his mother, who was then out of town, might purchase this contract. He told Mr. and Mrs. Jennings ''he could see his way clear to handle it and make a little money off of it.'' About this time the plaintiff informed Mr. Washburn that she had some money which she would like to loan. On August 7, 1920, Mr. and Mrs. Jennings signed a deed to the premises in question and also made an assignment of their interest as vendors in the land contract. They left these papers with the defendant Parker. The deed was executed in blank as to the grantee and the assignment was also blank as to the assignee. At this time Mr. Parker advanced to Mr. and Mrs. Jennings $600. Mr. Washburn had some talk with

the plaintiff about this opportunity to invest her money, telling her she could buy the contract interest of Mr. and Mrs. Jennings for $1,400, that a bonus of $100 would bring the rate of interest up to substantially 9 per cent. Plaintiff decided to make the investment and paid the $1,400 asked. One hundred dollars was divided as commission between Washburn and Parker, the balance, after deducting the $600 previously advanced, was paid to Mr. and Mrs. Jennings. Thereupon, on August 18, 1920, the plaintiff's name was written in the deed as the grantee and in the assignment as the assignee. The deed was witnessed and acknowledged by the grantors. Mr. Washburn caused the deed to be recorded for the plaintiff and thereafter retained at the bank her papers relating to this transaction. Monthly payments of $40 were made on the contract at the bank until June 27, 1921. Mr. Stearns, one of the contract purchasers, died February 13, 1921; and Mrs. Stearns, not being able to keep up the monthly payments, vacated the premises in September, 1921, and in the following month, at the request of Mr. Washburn, she signed in blank an assignment of her interest as vendee in the land contract. The bank at this time held two mortgages aggregating $1,500 against this property. In the deed from Mr. and Mrs. Jennings the plaintiff assumed and agreed to pay these mortgages. The plaintiff claims she did not know that she purchased the land or that she was obligating herself to pay the mortgages thereon, and that the purchase of the contract was not such an investment as she had told Mr. Washburn she desired; and she asserts that as soon as she became advised of the facts, November 20, 1923, she served on the defendants Washburn and Parker a notice of her determination to rescind the transaction as fraudulent and void.

A careful consideration of the record satisfies us that the alleged fiduciary relation between the plaintiff and Mr. Washburn has not been established. In this particular the case is much like *Armstrong* v. *Rachow,* 205 Mich. 168. There being no fiduciary relation, it follows that the plaintiff cannot be granted relief on the theory of a constructive fraud. Nor does the proof establish an actual fraud or deceit in consequence of which the plaintiff is entitled to relief. Her own testimony discloses that she was informed by Mr. Washburn and she understood she was purchasing a vendor's interest in a $1,500 land contract for $1,400, and that the property was subject to two mortgages which were prior to the contract. The circuit judge was clearly justified by the proofs in his findings wherein he stated:

"She admits that she knew prior to the time of the payment of the money to the bank that there were two mortgages upon the premises in question amounting to $1,500;   *   *   *   and it seems that no challenge as to the validity of said transaction was ever made by said plaintiff until after the time of the default in the payments by the Stearns upon said contract, and when the so-called boom in the city of Alma had commenced to recede.   *   *   *

"She was a lady of considerable business experience, and by her own efforts and business acumen had accumulated nearly $10,000; she had accumulated these moneys from loans on doubtful securities, securing bonuses and high rates of interest; she did not seek the advice of the defendant Washburn as to the character of the investment, and she admits that upon the occasion in question the matter had been gone over thoroughly between them, and he had figured to her that her investment in this contract with the discount of $100 would yield to her about 9 per cent.; she never made any claim that she had been defrauded by anyone until the default came

and the property was receding in value; she informed the defendant Washburn that she knew the Cheeseman property (the property in question).
\* \* \*

"Even according to her own claim she later learned that she had a deed of said premises; that she used the moneys which were deposited to her credit, arising from the payments upon said contract; that she paid the interest upon said mortgages thereafter; that she paid the taxes upon said premises thereafter; that she paid the insurance upon said premises thereafter, said house being insured for the sum of $2,500 and during all of which time she never made any claim of having been defrauded by said defendants in the premises. She was not unsophisticated in business affairs, she must have known that she was the owner of the title to said premises when she paid the taxes thereon and paid the insurance thereon in February, 1923; she must have known that she had a deed to said premises subject to the mortgages when she paid the interest thereon in December, 1922. And she continued in such attitude and conduct until November 23, 1923, one year after she had learned that she had a deed of said premises and was the owner of said property, at which time, in November, 1923, she withdrew all of the papers from said bank and took them to her attorney, and thereafter gave notice of the rescission of said transaction because of the fraud of said defendants. \* \* \* The transaction appears to the court to have been fair; the plaintiff was seeking a security producing a high rate of interest, which she received; the value of the property was ample, and during the time of the carrying out of the terms and provisions of the land contract there was no necessity for complaint, and no complaint was made until a considerable time later, when plaintiff became aware of the fact that said premises were not worth what they were at the time of the purchase of the contract in question."

It would serve no good purpose to review the record in more detail or to further discuss the contentions of the plaintiff. We have given them consideration and are satisfied that they are without merit. Neither actual nor constructive fraud has been established as to the defendants Washburn or Parker; and without such proof the case must fail as to the other defendants who are made parties only on the theory hereinbefore indicated.

The decree dismissing the bill of complaint is affirmed, with costs to the appellees.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.